IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL URIAS,

        Petitioner,

vs.                                                  No. CIV 00-1661 JP/LFG

JAMES W. ZIGLAR, Commissioner
of the United States Immigration and
Naturalization Service,
IRMA LUCERO, Warden, and
PATRICIA MADRID, New Mexico
Attorney General,

        Respondents.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION[1]

This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2241 filed November 22, 2000. Petitioner Raul Urias ("Urias") originally included four claims in his habeas petition, three of which were dismissed by order of the Court dated November 6, 2001 [Doc. 17]. The Court found, however, that Urias stated a valid claim with regard to his fourth cause of action, which was construed as a § 2241 claim seeking review, on constitutional grounds, of a Final Administrative Removal Order issued by the Immigration and Naturalization Service ("INS") under the Immigration and Nationality Act.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

In his fourth claim, Urias alleged that he was denied due process in immigration proceedings. The Court ordered that James W. Ziglar, the acting INS Commissioner, be named as a Respondent and that the United States, through the United States Attorney, be ordered to answer the petition with regard to Claim Four.

In its response [Doc. 23] the United States disclosed that although Urias was admitted to the United States for lawful permanent residence under alien registration number A36660875, the INS inadvertently created a second file for him under a different alien number, and he was given notice and was ordered deported under this second number following his 1997 conviction for drug trafficking. No INS record was located which showed that Urias had been served with notice of intent to institute removal proceedings under alien number A36660875.

The United States agreed, in its Response, that Urias is entitled to a hearing prior to issuance of an order of deportation following conviction of a deportable offense, and:

> As a resolution of this matter, the United States proposes that INS, by and through its Office of District Counsel, cancel its September 8, 1998 notice of intent to issue a final administrative removal order and its final administrative removal order under alien registration number A 76811148 and serve Petitioner with a notice to appear for a hearing in front of an Immigration Judge under alien file number A36660875.

The Court finds this to be a satisfactory resolution of Claim Four of Urias' petition and commends the United States for proposing it.

## Recommended Disposition

1. That Respondent Ziglar, by and through the INS Office of District Counsel, be ordered to cancel its September 8, 1998 notice of intent to issue a final administrative removal order, and its final administrative removal order, under alien registration number A 76811148, and serve Urias with

a notice to appear for a hearing in front of an Immigration Judge under alien file number A36660875; and

    2. That Urias' habeas petition be dismissed with prejudice.

                                                        _____
                                                        Lorenzo F. Garcia
                                                        United States Magistrate Judge