# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAUL URIAS,

    Petitioner,

v.    No. CIV 00-1661 MCA/LFG

JAMES W. ZIGLAR, Commissioner
of the United States Immigration and
Naturalization Service, et al.,

    Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1.    THIS MATTER is before the Court on Petitioner Raul Urias' ("Urias'") Motion for Conditions of Release, filed November 12, 2002. [Doc. 28.] On January 14, 2003, the Court directed Respondent United States to file a response to Urias' Motion, and on February 3, 2003, the United States submitted its response. [Doc. 30.] After carefully considering the pleadings and the pertinent law, the Court recommends denying Urias' Motion and dismissing Urias' habeas petition [doc. 1], with prejudice.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. On July 8, 1997, Urias was tried and convicted by a jury on charges of trafficking cocaine and conspiracy in Lea County, New Mexico. He received concurrent sentences totaling nine years, and is scheduled for release from the Lea County Correctional Facility on about March 16, 2003. [Doc. 30, Ex. 5.]

3. Urias is a native and citizen of Mexico. He immigrated to the United States on about December 16, 1982, when he was admitted for lawful permanent residence in El Paso, Texas. He was issued an alien registration number of A36660875. [Doc. 30, exhibits 1.] On about September 8, 1998, while incarcerated, Urias was served with a Notice of Intent to Issue a Final Administrative Removal Order. [Id., Ex. 2.] On the same day, the INS issued a Final Administrative Removal Order. [Id., Ex. 3.] The notice of intent and final order of removal were mistakenly issued under alien number A76811148.

4. On November 22, 2000, Urias filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254. His petition raised four claims, three of which were dismissed on November 6, 2001. [Doc. 17.] The fourth claim, which challenged the final administrative order of removal issued by the INS, was construed as a petition under 28 U.S.C. 2241, and the United States was directed to respond to it. [Doc. 17.] In its response, the United States advised the Court that the final administrative order of removal was erroneously issued under the wrong alien number. The United States further explained that it was canceling the order and issuing a notice to appear for a removal hearing under Urias' correct alien number. [Docs. 23, 30.] On January 23, 2002, the Court entered judgment in favor of Urias on the fourth claim, directing that the United States cancel the previously issued administrative order of removal and issue a notice under Urias' correct identification number. [Docs. 26, 27.]

5.     On January 17, 2002, the INS issued a notice to appear under Urias' correct alien number. [Doc. 30, Ex. 4.] Urias was still incarcerated when the notice was issued. On January 17, 2003, the notice to appear was issued a second time. [Doc. 30, p. 3.] The United States explains that while the INS intends to proceed with Urias' removal proceedings, it cannot effectuate the removal because Urias has not completed his term of imprisonment. [Doc. 30.] Urias' proposed date of release from state custody is March 16, 2003. [Doc. 30, Ex. 5.]

6.     Urias' November 12, 2002 Motion requests that the Court "set the conditions of release pursuant to the Administrative Removal Order which was order[ed] cancel[ed] on January 23, 2002 . . . ." [Doc. 28.] In support of his Motion, Urias states that he has strong family ties in Hobbs, New Mexico where his "legal wife and children which are American Resident[s]" reside, that he has been a legal resident since 1981, that he has arranged for employment in Hobbs at the termination of his confinement, and that he owns a home with land in Lea County. [Doc. 28.] Urias may have misunderstood the Court's January 23, 2002 Order, which merely directed the INS to cancel the erroneously issued administrative order of removal and to issue a notice to appear for a removal hearing under Urias' correct identification number. The January 23, 2002 Order ensured that Urias would receive a hearing on the removal proceedings; the Order did not mean that Urias would no longer face removal proceedings.[2]

---

[2]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, went into effect on April 1, 1997, and provides for the removal of aliens who have committed an aggravated felony as that term is defined by the pertinent laws.  Gonzalez v. INS, 2002 WL 31444952 at *2 n.4 (S.D.N.Y. Oct. 31, 2002). *See also* 8 U.S.C. § 1226(c), 8 U.S.C. 1227(a), 8 U.S.C. 1182(a). Title 8 U.S.C. § 1101(a)(43) lists a number of offenses that are considered aggravated felonies for purposes of immigration laws, including trafficking in a controlled substance. Gonzalez, 2002 WL 31444952 at *2 n.4.  State drug offenses also constitute aggravated felonies if the offense would have been punishable as a felony under federal law. Id.

7.	In response to Urias' Motion for Conditions of Release, the United States argues that the Court lacks jurisdiction to decide the motion because Urias is still serving his state criminal sentence. Secondly, the United States asserts that the issue of Urias' release pending removal by INS is not ripe.

8.	In Lopez-Moreno v. INS, 2002 WL 31133097 (N.D. Ill. July 16, 2002), the Court considered and rejected a similar argument that because the petitioner was still incarcerated by state authorities, whose jurisdiction was exclusive, the court lacked jurisdiction over a federal petition for habeas relief. In Lopez-Moreno, the immigration judge had already entered a final order of deportation based on the petitioner's conviction. The federal court found it had jurisdiction over the matter because "future custody [by the INS] can be sufficient to support habeas jurisdiction. 'However labeled, an action that has as part of its effect the holding of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes.'" Id. at *1 (*citing* Vargas v. Swan, 854 F.2d 1028, 1032 (7th Cir. 1988)). In Lopez-Moreno, the trial court also considered the fact that the INS had stated in no uncertain terms that it would take custody of the petitioner once his state sentence was completed. Therefore, the Court determined that he was in INS custody for habeas purposes. Id.

9.	While the Northern District of Illinois' opinion is not binding on this Court, it is instructive with respect to the question of habeas jurisdiction based on these facts. Here, the INS issued a final administrative removal order, *albeit* under an incorrect alien number. When alerted to the error, the INS issued a Notice to Appear, again advising Urias that he is deportable based on his conviction. The United States stated in its response brief that "[i]t is clear that INS intends to

4

proceed with petitioner's removal from the United States." [Doc. 30.] However, the INS must wait until Urias is released from his term of imprisonment before proceeding. Thus, this Court, similar to the Court in Lopez-Moreno, concludes that Urias is in INS custody for purposes of habeas jurisdiction.

10.     The government also argues that Urias' request is not ripe since he is still serving his sentence. The Court in Lopez-Moreno again considered a similar argument. In Lopez-Moreno, the petitioner was sentenced to a period of incarceration of almost thirty years. The government argued that his due process and equal protection arguments were not ripe because there was no chance of deportation until he had served his sentence. The Court disagreed finding that there was no guarantee that the petitioner would serve out the entire sentence and in any event, deportation was inevitable at some point. Id. at *1. So too here. Deportation appears to be inevitable, as well as imminent based on Urias' proposed release date.

11.     However, in reaching the merits of Lopez-Moreno's petition, the Court noted that the legal issues were clearly defined and nothing would be gained by delaying the resolution of that case. Lopez-Moreno argued that he had been denied the opportunity to apply for a discretionary waiver during the hearing before the Immigration Judge. The Court proceeded to analyze and reject the petitioner's claims.

12.     Here, Urias' claim in his original habeas petition [doc. 1] appeared to seek relief only in the sense of correcting the INS's erroneously issued Final Administrative Order of Removal that mistakenly noted Urias was not a permanent resident of the United States and that also failed to provide him with his due process right to a hearing on the deportation issue. The INS now has corrected these deficiencies in its more recently issued Notice to Appear, which indicates that Urias

5

has been admitted to the United States but is deportable due to his conviction. The Notice to Appear advises Urias of a hearing at which he will be able present his position with regard to removal and any other arguments he may wish to raise with respect to a possible "hardship" claim or that he should be granted some type of discretionary relief from removal proceedings.

13. Thus, because the relief Urias sought under claim four of his original habeas petition appears to have been granted, Urias' petition may now be dismissed in its entirety, with prejudice.[3]

### Recommended Disposition

14. That Urias' Motion for Conditions of Release [doc. 28] be denied, and that his entire habeas petition [doc. 1], including count four, now be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[3] The District Court's Order Adopting and Modifying Magistrate Judge's Findings and Recommended Disposition revised the recommended disposition only to the extent that the habeas petition was not dismissed in its entirety due to the fact that the United States agreed that Urias was entitled to the relief he sought under his fourth claim. [Doc. 26.]